■ JEAN KOPELMAN, Individually and as Executrix of MAX KOPELMAN, Deceased, et al., Appellants, v. SAMUEL SIGEL, Respondent.

APPEAL from an order of the Supreme Court, New York County, entered on August 29, 1968, which denied a motion by plaintiffs for an order to dismiss four affirmative defenses and a first counterclaim included in the fourth defense and for summary judgment.

*Per Curiam.* Defendant and the late Harry Kopelman were partners until the latter's death in 1962. By operation of his will and the later one of his beneficiary, Max Kopelman, Harry's partnership interests and real estate holdings were, at the inception of this action, owned by the plaintiffs, whether individually or as executrices. The complaint recites an intervening agreement continuing the partnership; the answer denies this, but no facts supporting the denial are found in the record, and, in any event, the existence of the partnership is recognized at least by implication in a writing subscribed by defendant on June 3, 1967.

It appears that, at Harry's death, he and defendant between them owned eight parcels of real estate. On June 3, 1967, defendant submitted a proposal in writing, signed by him to the others, outlining a method of winding up partnership affairs, inclusive of division of the eight parcels by separation into two specified groups at stated valuations, selection to be made by the present plaintiff group, with the difference in value to be paid to the others by the side taking the more valuable set of parcels. By a writing of June 19, 1967, to defendant, the plaintiff group countered with certain modifications, incorporating into the new writing, however, the rest of the June 3 letter, and specifying August 31, 1967, as a closing date; the writing was accepted by defendant's indorsement at its foot. On July 14, one of plaintiffs, acting for all, selected the less valuable group of parcels. The closing was adjourned and, on September 29, 1967, defendant's counsel sent a letter to plaintiffs adding certain conditions which were the subject, as Special Term put it, of " disputes * * * between the parties concerning the transfer and agreements incident but collateral to the transfer of the property." Plaintiffs, however, stood on the earlier letters, as expressed in a letter of demand by counsel, dated October 27, 1967, to defendant, categorically demanding performance of the various items set forth in those exhibits, and then instituted this action for specific performance.

The answer sets up three separate defenses and a counterclaim. (A fourth separate defense and counterclaim were stricken at Special Term in another motion, and that decision was not appealed.) The first two defenses raise the Statute of Frauds both as to personalty — the partnership interest — and realty. But, by statutory standards (Uniform Commercial Code, § 1–206, General Obligations Law, § 5–703), the written agreement set forth in the exhibits is at least adequate: there is a stated consideration in a contract of sale which specifically identifies the subject matter and is signed by the party to be charged. There is no requirement of law that the choice to be exercised by one of the parties under the agreement theretofor made must be in writing. Nor is any essential ingredient lacking (see *Tymon* v. *Linoki,* 16 N Y 2d 293).

The third defense pleads that the writings were not complete, but that the agreement of the parties contemplated inclusion " in a more formal agreement to be prepared and signed by the parties " of the letter of September 29. The parties could have, advised as they were by lawyers at every stage, made appropriate provision for later inclusion of such a provision; they did not, and, the

subject writings being adequate, complete and unambiguous, reference to the added conditions is barred by the parol evidence rule. The three defenses are inadequate in law, leaving only the counterclaim, which seeks declaratory judgment and partition. There being no factual issue, declaratory judgment is obviated by this disposition which does declare the rights of the parties by the award of summary judgment to plaintiffs.

The order denying summary judgment should be reversed, on the law, with costs and with disbursements and the motion granted.

Stevens, P. J., Capozzoli, McGivern, Markewich and Macken, JJ., concur.

Order entered August 29, 1968, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motion granted. Settle order on notice.